The People of Puerto Rico, Plaintiff and Appellee, v. Ramón Cruz Portalatín, etc., et al., Defendants and Appellants.

No. 9715.   Argued February 5, 1943.—Decided April 5, 1943.

*Cándido Ceballos* for appellant *Gumersindo Rivera. Ramón Cruz Portalatín, pro se. R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellants were charged with the commission of robbery, second offense, committed on August 15, 1941, at San Juan, P. R., by illegally, voluntarily, maliciously, and criminally taking from the person of Antonio Campos Sánchez, in his immediate presence and against his will be means of violence the amount of $76, which belonged to the said Antonio Campos Sánchez. In the information a long series of prior convictions and penalties imposed on the defendants for grand and petty larceny and other offenses against property is alleged. A trial without jury was had and both defendants were convicted as charged and sentenced to 20 years in the penitentiary. They both appealed.

We shall consider first the appeal taken by Gumersindo Rivera Ramírez. · He assigned as grounds for reversal the fact that the prior offenses were not proved and the court's refusal to summon the clerks of the District Courts of Ponce and Mayagüez, to bring the records of the criminal cases alleged by the district attorney in the information so as to determine the subsequent offense.

When the district attorney was attempting to prove the penalties served by this appellant he found out that the

Acting Chief of the Insular Penitentiary, who had been summoned to bring the penal record corresponding to ''Gumersindo Rivera,'' had brought the one corresponding to ''Gumersindo Rivera Quintero,'' who was a different person from the defendant Gumersindo Rivera Ramírez. The court ordered that a request be made by telephone from the penitentiary to send the missing document and then the defense counsel, addressing the court, said: ''With regard to this defendant, you do not have to bring in any judgment. With regard to this one, we admit it and we are through with the witness.'' (Tr. of Ev., p. 25.) This admission notwithstanding, the same witness appeared during the evening session and testified that he had the penal record of the defendant with him. He testified as to several judgments entered against him by the District Courts of San Juan and Mayagüez. The defense counsel, then noticing that the certifications of the judgments in possession of the warden of the jail did not state affirmatively that the defendant had been represented by counsel, asked during the testimony of the fourth of the five witnesses who testified in this case (no evidence for the defense was introduced) that the clerks of the above-mentioned district courts be summoned and ordered to bring the necessary records so that there could be an investigation if the defendant had actually had the assistance of counsel in the trials which were the basis of these convictions. He did not ask, however, that the record of the last judgment entered against him by the District Court of San Juan be brought so that it could be determined if in that case the defendant was represented by counsel. The court overruled the motion on the ground that from the face of the judgments it did not appear that the defendant had not been represented by counsel and because every judgment is presumed valid and the one denying its validity must prove it. The defendant, as the court below stated, had knowledge of the prior judgments since the act of the arraignment and

despite the time that had passed since then, did not ask that these witnesses be summoned within a reasonable time prior to the trial. The court also declared that to summon, at that stage of the trial, the witnesses in question, would require the postponement of the trial which was about to end. In our opinion, the action by the court below in overruling said motion was correct. *People* v. *Sarria Pacheco*, 57 P.R.R. 865; *Dijols* v. *Lugo, Warden*, 58 P.R.R. 449; *People* v. *Montaner*, 61. P.R.R. 116.

The only two errors assigned by this appellant do not exist. We shall now consider the appeal taken by Ramón Cruz Portalatín.

His first three assignments of error alleged that, according to him, his conviction rests exclusively on the testimony of a single witness, the aggrieved party; that his prior convictions were not proved; and that it was error to admit in evidence a prior judgment entered March 5, 1939, when the information alleged that the said judgment was entered on the 30th of the same month and year.

In a robbery charge the direct testimony of a single witness who was believed by the trial judge is sufficient to warrant conviction. But notwithstanding this, the testimony of the aggrieved party, who had the struggle with the defendants, during the daytime, in Allen Street, in an attempt to resist defendants' efforts to take away his wallet, is corroborated by that of Maximino Fabián, a clerk in a shoe establishment who, upon hearing screams of the aggrieved party, held and handed to the police one of the defendants who tried to flee. Assuming, without deciding, that the admission in evidence of the prior judgment of March 30, 1939, was erroneous, this error can not result in either the reversal or the modification of the judgment because, apart from that conviction, other prior convictions alleged in the information were proved and were served by the defendant. One

of those judgments would be enough to support the classification as a subsequent offense.

■ Nor was it necessary, to sustain the conviction, that the wallet be seized in the possession of the defendants. As to this particular, the aggrieved party testified that he saw when the wallet was put in another person's hand, who was not one of the defendants, and who disappeared.

■ In the fourth assignment of error the defendant complains that the witness Marcelino Santiago, a detective, whom he was going to use to prove that the wallet was not seized in the possession of the defendants, was not summoned by the court. He also assigns as errors that no counsel was designated for him at the arraignment; that he was compelled to be tried by the court and not by a jury; and that he was not granted a separate trial.

In the first place, we have already said that the aggrieved himself testified that once one of the defendants had possession of the wallet, he passed it to another person who then disappeared from the place of the offense, and this circumstance rendered the testimony of Marcelino Santiago unnecessary, as was very properly pointed out by the trial judge. In the second place, there is no positive proof that the defendant was not represented by counsel during the act of the arraignment. And, finally, nothing in the record discloses that the appellant or his co-defendant asked for separate trials, but on the contrary the record discloses that they asked to be tried by the court without a jury.

None of the errors assigned by any of the appellants existing, and it appearing that both the information and the evidence that support the convictions are sufficient, the appeal should be dismissed and the judgment should be affirmed.